# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 19, 2010

No. 10-30162
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EARL HENRY LEET,

Defendant-Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:06-CR-181-1

Before WIENER, PRADO, and OWEN, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Earl Henry Leet appeals his conviction, following a jury trial, of one count of possession of child pornography, in violation of 18 U.S.C. § 2252(a)(4)(B). He challenges the sufficiency of the trial evidence to support his conviction. As Leet moved for a judgment of acquittal at the close of the government's case and again at the close of all the evidence, we review his claims de novo. *United States v. Percel*, 553 F.3d 903, 910 (5th Cir. 2008), *cert. denied*, 129 S. Ct. 2065 and 2067 (2009). Thus, we "view[] the evidence in the

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

light most favorable to the verdict and draw[] all reasonable inferences from the evidence to support the verdict." *Id*. "[I]f a reasonable trier of fact could conclude [that] the elements of the offense were established beyond a reasonable doubt," we must affirm. *Id*.

Although Leet acknowledges that images depicting minors engaging in sexually explicit conduct were found on the hard drive of his Gateway computer, he disputes the government's case against him in all other respects. He does not argue that the images at issue were placed on his computer's hard drive as a result of a third person having remotely accessed his computer; indeed, the trial evidence demonstrated that the images of child pornography were not remotely downloaded to Leet's computer. Instead, Leet relies heavily on the access that other individuals had to his computer. Although his computer was accessed twice by a technician a Gateway store (where he had taken the computer on September 4, 2001, for repair work), there was no evidence that Leet's computer was connected to the Internet or any external devices at those times. The same technician testified that he was the only person at the Gateway store to work on Leet's computer. Additionally, trial testimony established that Leet's computer was seized and placed in the FBI evidence control room on September 20, 2001, and that it was discovered two years later without a chain of custody document attached to it. Leet contends that there was no evidence of who had access to the computer or what was done with it for those two years. FBI agents testified, however, that Leet's computer was in the FBI evidence room during that two-year period and that the FBI's work following the September 11, 2001 attacks was devoted to terrorism matters, not child pornography matters. Moreover, Leet's reliance on the access of other individuals to his computer after he delivered it to the Gateway store is undermined by the undisputed evidence that child pornography images were both created and accessed on his computer prior to September 4, 2001.

Leet also relies heavily on the access that other persons had to his computer prior to the time he brought it to the Gateway store. The trial evidence, however, supports the jury's finding that Leet, not any third person, downloaded the images onto his computer. For instance, an examination of the computer revealed that the e-mails associated with user names other than "Earl" were dated prior to February 28, 2000 (i.e., prior to the date on which the first images of child pornography were created on Leet's computer), with the exception of one e-mail dated March 2000. On the other hand, e-mails linked to the user "Earl" were dated from approximately 1999 to August or September 2001.

Additionally, a FBI agent testified that during his interview with Leet, Leet stated that he had accessed via the Internet an adult pornography website called "lovetop.com," which then took him to another website called "younglolita," from which he downloaded images of child pornography. Favorites found on Leet's computer included "lo-li-ta.url," "Love Top-random free porno sex photos here.url," and "underage lolitas video.url." Similarly, two of the images introduced at trial displayed "www.lo-li-ta.com" at the bottom.

The jury also could have inferred that Leet accessed child pornography files shortly before he brought his computer into the Gateway store for repair. According to a FBI agent who examined Leet's computer, a user (or users) of Leet's computer visited karaoke, Lolita, and other websites and accessed child pornography files, as well as images of emblems and insignia depicting firefighters, all on August 29, 2001. The favorite for a locksmith website also was updated on that date. The examination also indicated that the user "Earl" had sent e-mails indicating that he had a new karaoke and DJ business, that the user "Earl" had contacted a locksmith supply company website, and that a QuickBooks program had been created for Leet's Locksmithing. Additionally, Leet had told a FBI agent that he was a volunteer fireman.

No. 10-30162

Finally, at the time of Leet's arrest in 2006, a FBI agent overheard Leet tell his mother that several years ago he had visited some adult pornographic websites that he probably should not have visited; that, as a result, there were some pictures of kids on his computer; and that it was wrong, and he should not have done it. Although, as Leet contends, he did not specifically tell his mother that he had downloaded images of child pornography after having visited adult pornography websites, the jury could reasonably construe Leet's statement as referring to the downloaded images of child pornography that were discovered on his computer that had been seized several years earlier.

Because the evidence was sufficient to support Leet's conviction for possession of child pornography, *see Percel*, 553 F.3d at 910, the judgment of the district court is AFFIRMED.

4